UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE COLEMAN ALI EL,** | ) | CASE NO. 1: 16 CV 901 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **PETER LUI,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Willie Coleman Ali El has filed this *in forma pauperis* action against Defendant Peter Lui. The Complaint does not set forth factual allegations or legal claims that are intelligible to the Court. As best as can be discerned, the Plaintiff appears to contend he is entitled to a default judgment against Lui, in the amount of $5,355,000.00, because Lui failed to respond to an "Affidavit of Truth" dated January 30, 2015 the Plaintiff sent to Lui by

private service carrier. The Plaintiff has also filed a Motion for Summary Judgment containing unintelligible allegations and seeking summary judgment on the basis of his "Affidavit of Truth." (Doc. No. 6.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), Federal District Courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen and dismiss before service any *in forma pauperis* action the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim under §1915(e)(2)(B), a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, in order to state a claim, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The Plaintiff's Complaint must be dismissed pursuant to §1915(e)(2)(B) and his Motion for Summary Judgment denied. Neither the Plaintiff's Complaint nor his Motion contain factual allegations reasonably suggesting he has a plausible federal claim against the Defendant or that are sufficient to give the Defendant fair notice of the basis of a claim.

Allegations that the Defendant has failed to respond to an "Affidavit of Truth" outside of a formal legal proceeding are insufficient to support a plausible federal claim.

## Conclusion

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, his Motion for Summary Judgment is denied, and this action is dismissed in accordance with 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                    **s/ Christopher A. Boyko**
                                                    **CHRISTOPHER A. BOYKO**
                                                    **United States District Judge**

**Dated:** July 25, 2016